# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADEL ELCHAHED, | |
| Plaintiff, | Case No. 2:08-cv-00272-PMP-GWF |
| vs. | **ORDER & FINDINGS AND RECOMMENDATIONS** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | **Plaintiff's Application to Proceed *In Forma Pauperis* - (#3)** |
| Defendants. | |

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (#3), filed on March 31, 2008.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this present action, Plaintiff alleges that the Las Vegas Metropolitan Police Department conspired to cover up for Officer Brian Glitch.  Plaintiff refers to *Elchahed v. LVMPD, et al.*, Case No. 2:04-cv-00200-HDM-RJJ and alleges that when Plaintiff attempted to serve Officer Glitch, the Las Vegas Metropolitan Police Department claimed that Officer Glitch was "unknown" to them.  Plaintiff further alleges that the Las Vegas Metropolitan Police Department falsely imprisoned him and filed false charges against him in a case that was eventually dismissed.

Plaintiff has filed at least fourteen (14) complaints in the District of Nevada relating to the occurrence giving rise to his action.  In Plaintiff's previous complaints, he has alleged that officers of the Las Vegas Metropolitan Police Department ("LVMPD") and the Clark County District Court Family Division have all conspired against Plaintiff by (1) stalking him, with the objective of destroying his marriage, (2) taking his children away from him, and (3) driving him from the country.  Plaintiff previously alleged that the Federal Bureau of Investigation failed to investigate the alleged violations of his civil rights by the LVMPD and Officer Glitch.

Plaintiff's allegations are essentially identical or related to those in *Elchahed v. Glitch, et al.*, Case No. 2:03-cv-00168-KJD-LRL; *Elchahed v. Federal Bureau of Investigation, et al.*, Case No. 2:04-cv-00092-PMP-PAL; *Elchahed v. LVMPD, et al.*, Case No. 2:04-cv-00200-HDM-RJJ; *Elchahed v. District Court Family Division*, Case No. 2:04-cv-00201-RCJ-LRL; *Elchahed v. LVMPD, et al.*, Case No. 2:04-cv-00350-KJD-LRL*; Elchahed v. LVMPD, et al.*, Case No. 2:04-cv-00888-JCM-PAL; *Elchahed v. LVMPD, et al.*, Case No. 2:04-cv-00889-KJD-PAL; *Elchahed v. LVMPD, et al.*, Case No. 2:04-cv-01369-PMP-LRL; and *Elchahed v. LVMPD, et al.*, Case No. 2:04-cv-01667-LRH-RJJ, all of which have been dismissed for either failure to state a claim upon which relief can be granted or failure to adhere to the Court's orders.  Additionally, in *Elchahed v. Bennacourt, et al.*, Case No. 2:04-cv-00861-PMP-LRL, District Judge Philip M. Pro issued Order (#3), which dismissed Plaintiff's complaint as frivolous.  After viewing Plaintiff's complaint, the Court finds that Plaintiff's allegations are both similar to the cases referenced above and fail to state a claim upon which relief can be granted.  The Court further finds that any amendment of the complaint would be futile.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#3) is **granted** for the limited purpose of initial review of the complaint.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#3) should be **dismissed** with prejudice based on a failure to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of April, 2008.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**